UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN DOE,

                      Plaintiff,

    -against-

RENSSELAER POLYTECHNIC
INSTITUTE, LARRY HARDY,
Title IX Coordinator, ELIZABETH MARY
BROWN-GOYETTE, Title IX Investigator,
and LESLIE NORTON, Public Safety
Lieutenant and Title IX Investigator,

                    Defendants.
---------------------------------------------------------X

PROPOSED ORDER TO SEAL CERTAIN DOCUMENTS PURSUANT TO LOCAL RULE 83.13

Case No. 1:18-CV-1374 (FJS/CFH)



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 28 2018
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

## ORDER

    Before the Court is plaintiff's Motion to Seal Exhibits A-D to his Complaint.

    Exhibit A is a personal and confidential letter dated June 14, 2018 to plaintiff from defendant Mr. Larry Hardy, RPI's Title IX Coordinator, informing him about the complaint lodged against him by Ms. Jane Roe arising from their alleged encounter on February 17, 2017. Exhibit B is a personal and confidential letter dated September 7, 2018 to plaintiff from defendant Hardy informing plaintiff of the Case Management Team's uniform adoption of the Title IX investigators report finding plaintiff in violation of the Sexual Assault provision of RPI's Student Sexual Misconduct Policy. Exhibit C is a personal and confidential letter dated November 16, 2018 to defendant Hardy from plaintiff's advisor James C. Knox, Esq. requesting a hearing adjournment until the effective date of the U.S. Department of Education's Title IX regulations. Exhibit D is a personal and confidential letter dated November 20, 2018 to plaintiff from defendant Hardy denying plaintiff's request for a hearing adjournment.

These exhibits were exchanged between the parties in a confidential Title IX proceeding pursuant to RPI's Student Sexual Misconduct Policy and Procedures and have been protected from public disclosure during RPI's Title IX investigation and determination. Public disclosure of this confidential information contained in the exhibits, namely, the identity of plaintiff and his address, would subject plaintiff to unnecessary ridicule and attention without advancing any aspect of the litigation, chill litigation from future similarly situated students for fear that they need to reveal their identity in order to bring suit, and compromise the importance of safeguarding plaintiff's due process rights when he chose to vindicate those rights in court.

The Court is mindful of the mandate in *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006), which outlines the sealing standard. After documents have been declared to be judicial documents, a presumption of access attaches. *See id.*; *see also Caswell v. Miller*, No. 9:17-CV-1384, 2018 WL 2170294, at *2 (N.D.N.Y. May 10, 2018). A court must then assess the weight of that presumption by evaluating "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal citation omitted). Finally, a court will consider countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120. Ultimately, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

The Court has reviewed the above referenced exhibits *in camera*. Without question, these exhibits are judicial documents as they are attached to and, thus, are incorporated into plaintiff's pleading. The role of these particular exhibits, however, is not material as the information contained within them are thoroughly described within the enumerated paragraphs in

2

plaintiff's complaint without revealing the confidential information. Furthermore, higher values are paramount in this case as it involves highly sensitive and personal matters regarding a sexual encounter and alleged assault, risking the reputation of both plaintiff and his accuser, Ms. Roe. In addition, plaintiff alleges that his due process rights have been violated in a process and proceeding which resulted in a determination that he violated RPI's Student Sexual Misconduct Policy. Sealing these enumerated exhibits, rather than the entirety of plaintiff's complaint, is narrowly tailored to serve these higher values and interests.

For these reasons, plaintiff's Motion to Seal Exhibits A-D to plaintiff's complaint is GRANTED. It is ORDERED that the Clerk is directed to seal Exhibits A-D to plaintiff's complaint until further order of this Court.

**SO ORDERED**, this  29th day of  November , 2018

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE